UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY LEWIS SEIB | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-1200-X |
| | § | |
| ALF BACK OFFICE SERVICES, LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Timothy Seib's motion to dismiss his own complaint against Defendant ALF Back Office Services, LLC ("ALF"). [Doc. 21]. ALF does not oppose Seib's motion to dismiss, but the parties disagree on whether the Court should dismiss Seib's complaint with or without prejudice. After careful consideration, and for the reasons below, the Court **GRANTS** the motion and **DISMISSES WITHOUT PREJUDICE** this case.

Under the Federal Rules of Civil Procedure, unless the voluntary dismissal notice or a different stipulation "states otherwise, the dismissal is without prejudice."[1] The notice of dismissal "operates as an adjudication on the merits" when "the plaintiff previously dismissed any federal- or state-court action based on or including the same claim."[2] Before filing this suit in federal court, Seib sued ALF in

---

[1] FED. R. CIV. PROC. 41(a)(1)(B).

[2] *Id.*

Texas state court based on the same set of facts. The state court has not dismissed Seib's case, so this order does not operate as a final adjudication under Rule 41.[3]

ALF claims that "it has already spent considerable time and money litigating [Seib's] multiple claims in two different lawsuits asserting that he was unlawfully terminated from his employment."[4] Further, ALF "does not want to continue to have to spend money defending against the claims in the event [Seib] changes his position and the claims are re-filed."[5] ALF's circumstance is neither unique nor unfair. Rule 41(a)(1)(B)—along with federal preclusion doctrine—provides adequate safeguards to protect ALF's interests if Seib refiles these claims.

Accordingly, the Court **GRANTS** Seib's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Seib's complaint. Each party shall bear its own costs.

**IT IS SO ORDERED** this 24th day of July, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] Even if the state court had dismissed Seib's case, ALF has failed to demonstrate that Seib raised the same claims in his state-court case. *Compare* Doc. 23 at 4 (stating that Seib's state-court case alleges breach of contract and breach of fiduciary duty and requests a declaratory judgment); *with* Doc. 12 at 6–12 (alleging, in Seib's live complaint, age and disability discrimination under federal and state law and retaliation under federal law). Because ALF hasn't shown that the state and federal claims are duplicative, ALF's contention that Seib abandoned some of those state-court claims does not trigger Rule 41 even if the Court viewed that abandonment as a voluntary dismissal.

[4] Doc. 23 at 5.

[5] *Id.*